**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **CYNTHIA GRAHAM,** § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | No.  1:24-CV-01015-RP |
| **600 WEST HALLMARK LLC,** § | |
| **NICOLE SWAN, CANTRELL** § | |
| **MCCULLOCH,** § | |
| *Defendants* § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Cynthia Graham's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Graham is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of her claims pursuant to 28 U.S.C. § 1915(e).

### I.      REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Graham's financial affidavit and determined she is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the

Court hereby **GRANTS** Graham's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Graham is further advised that, although she has been granted leave to proceed *in forma pauperis,* a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Graham's claims be **DISMISSED** under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be **WITHHELD** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  REVIEW OF THE MERITS OF THE CLAIM

Because Graham has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Texas v. Travis Cnty., Tex.*, 910 F.3d 809, 811 (5th Cir. 2018) (quoting *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998)). For federal subject-matter jurisdiction to exist, either (1) the plaintiff must allege a claim "arising under the Constitution, laws, or treaties of the United States" (commonly referred to as "federal-question jurisdiction"), or (2) the matter in controversy must exceed $75,000, and the action must be between citizens of different states (commonly referred to as "diversity jurisdiction"). *See* 28 U.S.C. §§ 1331 & 1332. Federal courts have an affirmative duty to examine *sua sponte* the basis for subject-matter jurisdiction. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

Here, Graham asserts state-law causes of action against Defendants based on their alleged failure, as her landlord, to make requested repairs to or address an

infestation of "thousands of rodents" in her dwelling unit. Dkt. 1, at 2. Graham alleges that she is a Texas resident and that Defendants are all also residents of Texas. *Id.* at 1. Because Graham's causes of action arise under state law and she has alleged that all parties named in this lawsuit are Texas residents, this Court lacks subject-matter jurisdiction to hear her claims. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." (internal citations omitted)).

### III.     ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Graham's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Court **DISMISS WITHOUT PREJUDICE** Graham's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after

the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 19, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE